DECISION
A case management conference was held January 21, 2009. Greg Chrisman participated on his own behalf. Richard Gilmore and Chris Werner appeared for Defendant. The parties agreed to amend the Complaint to focus on the 2008-09 tax year as the year of disqualification; the court concurs.
At issue is the qualification of 10 acres of land, identified as Account R570536, for the special assessment granted to qualifying farmland.
 I. STATEMENT OF FACTS
Plaintiff purchased the subject land on July 11, 2007; it was then unzoned farmland. At that time, an error in the deed documents listed an incorrect mailing address. In the spring of 2008, the zoning was changed (not through Plaintiff's initiative) from exclusive farm use to that for marginal lands. Plaintiff had certain rights upon that change, including the option to "roll over" the assessment classification to special assessment for unzoned farmland.
Defendant's notice of the zoning actions and resulting formal disqualification was mailed on June 24, 2008. Because it was sent to the incorrect address, it was returned to Defendant on June 27, 2008. Apparently, in past years, Defendant had the budget resources and time to make *Page 2 
a follow-up "due diligence" inquiry and search for the correct address. Had that been done, the error would have been quickly corrected, according to Defendant's representatives.
There was no change in farming activities on the subject 10 acres; they have remained constant for the past several years. Defendant concurs that, had a timely application been received, the land would have been designated as farmland for special assessment purposes[1]
Defendant urged the court to grant whatever relief was available, given the large potential penalties in the event the situation was not rectified.
Plaintiff testified that he first learned of the disqualification action in November of 2008. This appeal was filed on November 14, 2008.
 II. ANALYSIS
When a property is changed from zoned farmland, an owner has 30 days to request a "rollover" to another classification. ORS 308A.724(3)(2007). Here, the clerical error of a third party caused the official notice to be misdirected. Importantly, the farming activities have remained unchanged throughout the pertinent time period. With some little effort, Defendant could have easily remedied the address error. It would be manifestly inequitable to penalize Plaintiff to such a degree when he acted immediately upon receiving actual notice.[2]
Plaintiff is entitled to have the subject land classified as unzoned farmland beginning with the 2008-09 tax year. *Page 3 
 III. CONCLUSION
Now, therefore,
IT IS THE DECISION OF THIS COURT that this appeal is granted for the 2008-09 tax year.
Dated this _____ day of February 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on February5, 2009. The Court filed and entered this document on February 5,2009.
[1] According to the Answer filed November 24, 2008, "Washington County would accept an application for a roll over to unzoned farmland for the 2008 tax year if the court orders."
[2] The court emphasizes this result is based solely upon the unique facts of this specific case. It is not intended to apply to any and all landowners who miss a rollover filing deadline. *Page 1